# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

ALIAKSANDR FILATAU,

      Petitioner,

vs.

MARKWAYNE MULLIN, et al.,

      Respondents.

No.  C26-143-LTS-MAR

**MEMORANDUM**
**OPINION AND ORDER**

## I.    INTRODUCTION

This case is before me on petitioner Aliaksandr Filatau's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241.  Filatau is an alien being held in custody without a bond hearing as his removal proceedings are ongoing.  *See* Doc. 1.  He claims his detention violates his due process rights under the Fifth Amendment of the United States Constitution.  In an initial review order (Doc. 2), I directed respondents[1] to respond to the petition, which they have done (Doc. 6).  Filatau has replied (Doc. 12).  Oral argument is not necessary.  *See* Local Rule 7(c).

## II.    BACKGROUND

Filatau is a citizen of Belarus and native of Uzbekistan who arrived in the United States on December 16, 2021.  Doc. 9-1 at ¶ 14; Doc. 1-1.  He was encountered at the border, served a Notice to Appear and later released on parole.[2]  *Id.*

---

[1] Though the response was filed only on behalf of the federal respondents and not the state employees (Doc. 6 at 1 n.1), this order will apply to all respondents with equal force.

[2] There is no evidence in the record that this parole was for a limited timeframe or had an expiration date.  *See* Doc. 9-1 at ¶ 15 ("On January 24, 2022, Petitioner was paroled and released from ICE custody, due to COVID-19 factors.").

On June 13, 2026, Filatau was arrested in Coralville, Iowa, for operating under the influence.  Doc. 9-4.  The day after his arrest he was released into ICE custody and charged with being an immigrant without an immigrant visa in violation of section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) and has been detained since in the Linn County Iowa Jail.  Doc. 9-1 at ¶¶ 16-19.

### III.    STANDARD OF REVIEW

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  For relief, a petitioner must prove by a preponderance of the evidence that his detention is unlawful.  *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

### IV.    ANALYSIS

Respondents justify Filatau's civil detention without a bond hearing based on the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Eighth Circuit has found that similarly situated petitioners qualify under that provision.  *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  Although *Avila* forecloses Filatau's statutory right to a bond hearing, it says nothing about the due process rights for those aliens subject to mandatory detention.  *Id.* at 1140, n.8 (Erickson, J., dissenting).  Even when facing removal proceedings, aliens still have due process rights.  *Yamataya v. Fisher* (the Japanese Immigration Case), 189 U.S. 86, 100–01 (1903).  The issue is the extent of those rights.

Respondents recognize that I have previously held that procedural due process requires that an alien who has previously been released on his own recognizance or on bond must receive a bond hearing to justify the alien's return to detention.  *See,* e.g. *Ermekov v. Mullin*, No. C26-41, 2026 WL 1046766 (N.D. Iowa Apr. 17, 2026); *Singh v. Mullin*, No. C26-53, 2026 WL 1078710 (N.D. Iowa Apr. 20, 2026); *Singh v. Mullin*, No. 26-56, 2026 WL 1021846 (N.D. Iowa Apr. 15, 2026).  Respondents continue to argue that the process provided by statute and removal proceedings satisfies due process

and is consistent with *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024) and *Demore v. Kim*, 538 U.S. 510 (2003). Nonetheless, they do not argue that this case is substantively distinct from the prior cases in which I have rejected that argument. *See* Doc. 6 at 4, n.2. Respondents make no other argument as to why Filatau's detention satisfies due process.

Filatau relies on those prior cases identified above, and others, to argue that his previous release or parole grants him a liberty interest that entitles him to a pre-deprivation bond hearing, requiring immediate release. He notes that in *Trsikurishvili v. Noem*, No. C26-15, 2026 WL 594360, at *2 (N.D. Iowa Mar. 3, 2026), I concluded that absent a change in circumstances, the petitioner, who had previously been released on his own recognizance, should be released on those same terms before he was detained. Because there is no set expiration date for Filatau's parole, he argues immediate release, as opposed to a bond hearing, is the appropriate remedy as ordered in *Trsikurishvili, Ermekov, Singh* (No. C26-53) and *Singh* (No. C26-56).

For the reasons stated in those previous cases, I agree that due process requires Filatau's immediate release. Respondents are free to pursue Filatau's re-detention, but to do so they must provide him a pre-deprivation bond hearing at which they will bear the burden of proving by clear and convincing evidence that Filatau is a danger to the community or flight risk, or that he has failed to comply with the terms of his release.

### V. CONCLUSION

For the reasons set forth herein:

1. Filatau's petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **granted**.

2. Respondents are **ordered** to release Filatau immediately, subject to the conditions (if any) with which he was required to comply immediately prior to his re-detention.

3.      If respondents wish to re-detain Filatau pending his removal proceedings, they must provide Filatau with sufficient notice and a hearing before an immigration judge.  At such a hearing, respondents will be required to prove by clear and convincing evidence that Filatau poses a flight risk or danger to the community.

       **IT IS SO ORDERED** this 24th day of July, 2026.

_____

Leonard T. Strand
United States District Judge

4